MRS. ELSIE ALBERTS v. BENJAMIN ALBERTS.

(Filed 17 April, 1940.)

**1. Process § 8—**

A nonresident wife living with her husband in another state may serve summons on him by service on the Commissioner of Revenue under the provision of Michie's Code, 491 (a) (b), in her action instituted in a county in this State, Michie's Code, 469, to recover for injuries sustained in an automobile accident which occurred in this State and which resulted from his alleged negligence.

**2. Husband and Wife § 6—**

In this jurisdiction a wife has the right to bring an action for actionable negligence against her husband.

**3. Courts § 1a—**

A nonresident plaintiff may sue a nonresident defendant upon a transitory cause of action in the courts of this State.

APPEAL by defendant from *Frizzelle, J.,* upon defendant's motion to strike out service of summons, 28 November, 1939. From WAKE. Affirmed.

This is an action instituted by plaintiff, Mrs. Elsie Alberts, of Middleboro, Massachusetts, against her husband, Benjamin Alberts, with whom she resides in Middleboro, Massachusetts. The plaintiff and her husband were riding together en route from Massachusetts to Florida and while traveling through North Carolina the automobile in which Mr. and Mrs. Alberts were riding overturned and Mrs. Alberts was seriously injured. The plaintiff alleged that her injury was the direct and proximate result of the negligence of defendant, setting same forth in detail. After their return to Massachusetts and while still residing with her husband, Mrs. Alberts instituted this action in the Superior Court of Wake County and caused to be served upon A. J. Maxwell, Commissioner of Revenue, summons under the provisions of N. C. Code, 1939 (Michie), sections 491 (a) and 491 (b). A copy of the summons and complaint, together with other statutory notices, were mailed by Mr. Maxwell, Commissioner of Revenue, to the defendant. Thereafter, the defendant, through counsel, entered a special appearance and filed a motion to strike out the service of summons. The court below overruled the motion and defendant excepted, assigned error and appealed to the Supreme Court.

*Clem B. Holding for plaintiff.*

*J. M. Broughton and W. H. Yarborough, Jr., for defendant.*

CLARKSON, J. Is service of summons valid where service is obtained under the provision of N. C. Code, 1939 (Michie), sections 491 (a) and 491 (b) (Public Laws 1929, ch. 75), providing for service of process upon the Commissioner of Revenue as agent for nonresident motorists where the plaintiff and the defendant are nonresidents of North Carolina and are residents of the same state and are husband and wife? We think so.

The law applicable in reference to the controversy, N. C. Code, *supra,* section 469, in part, is as follows: "In all other cases the action must be tried in the county in which the plaintiff or the defendants or any of them reside at its commencement; . . . and if none of the parties reside in the State then the action may be tried in any county which the plaintiff designates in his summons and complaint."

Section 491 (a), *supra:* "All summons or other lawful process in any action or proceeding . . . growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State and said acceptance or operation shall be a signification of his agreement that *any* such process against him shall be of the same legal force and vitality as if served on him personally."

The constitutionality of the above law (sec. 491 [a], *supra*) was upheld in *Ashley v. Brown,* 198 N. C., 369; *Bigham v. Foor,* 201 N. C., 14; *Smith v. Haughton,* 206 N. C., 587 (591); *Dowling v. Winters,* 208 N. C., 521.

In *York v. York,* 212 N. C., 695 (699), it was said: "In this jurisdiction a wife has the right to bring an action for actionable negligence against her husband. *Roberts v. Roberts,* 185 N. C., 566 (567); *Shirley v. Ayers,* 201 N. C., 51 (55); *Jernigan v. Jernigan,* 207 N. C., 831."

We think that although plaintiff is a nonresident and the action transitory, the doors of the courts of this State are open to her to determine her rights. *Howard v. Howard,* 200 N. C., 574; *Steele v. Telegraph Co.,* 206 N. C., 220; *Ingle v. Cassady,* 208 N. C., 497 (498).

In *Hoagland v. Dolan,* 259 Ky., 1, 81 S. W. (2nd), 869, it is said: "No express limitation is made by the language of the act as to who may avail themselves of its provisions by becoming plaintiffs in bringing actions thereunder by substituted service of process. . . . Are there any good or valid reasons which should influence us in construing the act as limiting its provisions to resident plaintiffs only? The exact question was, under similar statutes and upon similar facts, presented and denied by the Supreme Court of Wisconsin in the case of *State Ex Rel. Rusk v. Circuit Court,* 209 Wis., 246, 244 N. W., 766. . . . We find ourselves in harmony with the conclusion and reasoning ex-

pressed in this well considered opinion (the Wisconsin case) interpreting and construing the act, as extending the right of its convenient redress to a nonresident plaintiff to sue under its provisions." *Sobeck v. Koellmer,* 265 N. Y. Supp., 778; *Garon v. Poivier* (New Hamp.), 164 Atl., 765; *Peeples v. Ramspacher,* 29 Fed. Supp., 632; *Hess v. Pawloski,* 274 U. S., 352; *Malak v. Upton,* 3 N. Y. Supp. (2nd), 248; *Fine v. Wencke,* 117 Conn., 683 (169 Atl., 58).

For the reasons given, the judgment of the court below is
Affirmed.