ALICE D. BOGEN v. H. L. BOGEN.

(Filed 8 January, 1941.)

**1. Husband and Wife § 6—**

The right of a married woman to maintain an action against her husband to recover for negligent injury is not limited to residents of this State, Art. X, sec. 6, Constitution of North Carolina; Michie's Code, 2513, but a nonresident wife may maintain an action here against her nonresident husband on a transitory cause of action which arises in this State, and she is entitled to any recovery as her separate property.

**2. Courts § 1a—**

A nonresident plaintiff may sue a nonresident defendant in the courts of this State upon a transitory cause of action.

**3. Process § 8—**

Plaintiff is the wife of defendant, both are nonresidents, and the action was instituted to recover for injuries sustained by plaintiff in an automobile accident which occurred in this State. *Held:* Service of process on defendant by service on the Commissioner of Revenue under the provisions of Michie's Code, 491 (a), is valid.

STACY, C. J., concurring in result.

SCHENCK, J., joins in concurring opinion.

BARNHILL, J., dissenting.

WINBORNE and SEAWELL, JJ., concur in dissent.

APPEAL by defendant from *Harris, J.,* at June Civil Term, 1940, of ORANGE. Affirmed.

This was a civil action brought by plaintiff against defendant for actionable negligence, alleging damage. The plaintiff is a citizen and resident of Columbus, Ohio, and this action is brought against her husband, also a citizen and resident of Columbus, Ohio, for personal injuries resulting from an automobile accident which occurred in Orange County, North Carolina, on or about 17 August, 1937. The summons and copy of complaint were served upon Commissioner of Revenue of the State of North Carolina who mailed copies thereof to the defendant at his home in Columbus, Ohio. In apt time, the defendant, through his attorneys, made a special appearance in the cause and moved for a dismissal thereof upon the grounds that there had been no legal and valid service of process upon the person of the defendant, that the attempted service of process was defective and void and that the Superior Court had no jurisdiction of the person of either of the parties to the action.

The order of Harris, J., is as follows: "This cause coming on to be heard at this the June Term, 1940, of Orange Superior Court, upon motion of the defendant who entered a special appearance and moved to

dismiss for want of jurisdiction and defective service of process on the defendant. Upon hearing the argument of counsel for plaintiff and defendant, it is ordered that the motion of the defendant be, and the same is hereby overruled. It is ordered that the defendant be, and he is hereby granted 45 days from date within which to answer, demur or otherwise plead. This the 19th day of June, 1940. W. C. Harris, Judge Presiding."

The defendant excepted, assigned error: (1) To the action of the court in overruling defendant's motion to dismiss as set out in the record; (2) to the action of the court in signing judgment as set out in the record, and appealed to the Supreme Court.

*Bonner D. Sawyer for plaintiff.*
*Cooper & Saunders and W. Clary Holt for defendant.*

CLARKSON, J. The question involved: Where the statutory law of North Carolina prescribes the method and manner in which an action may be brought in this State and this Court has held the statute to be constitutional, and where the provisions of the statute have been complied with, will this Court hold that the plaintiff is not entitled to the damages recovered on the ground that she is not a resident of this State? We think not.

There is no contention made by defendant that the statute as to service of summons on nonresident motorists was not complied with. N. C. Code, 1939 (Michie), sec. 491 (a).

In *Alberts v. Alberts,* 217 N. C., 443 (444), speaking to the subject: "In *York v. York,* 212 N. C., 695 (699), it is said: 'In this jurisdiction a wife has the right to bring an action for actionable negligence against her husband, *Roberts v. Roberts,* 185 N. C., 566 (567); *Shirley v. Ayers,* 201 N. C., 51 (55); *Jernigan v. Jernigan,* 207 N. C., 831.' We think that although plaintiff is a nonresident and the action transitory, the doors of the courts of this State are open to her to determine her rights. *Howard v. Howard,* 200 N. C., 574; *Steele v. Telegraph Co.,* 206 N. C., 220; *Ingle v. Cassady,* 208 N. C., 497 (498)."

The *Alberts case, supra,* cites many authorities from other jurisdictions sustaining the right of nonresidents to sue.

The defendant contends: "A nonresident married woman living with her husband is not entitled to the privileges of separate property rights as conferred upon resident married women by our State Constitution and statutes enacted in connection therewith." We cannot so hold.

Article X, sec. 6, of the Constitution of the State of North Carolina, reads as follows: "The real and personal property of any female in this State acquired before marriage, and all property real and personal to

which she may after marriage become in any manner entitled shall be and remain the sole and separate estate and property of such female," etc.

In 1913, the Legislature enacted the following statutory provision, known as the "Martin Act": "The earnings of a married woman by virtue of any contract for her personal service, and any damages for personal injuries, or other tort sustained by her can be recovered by her suing alone and such earnings or recovery shall be her sole and separate property as fully as if she had remained unmarried." N. C. Code, 1939 (Michie), sec. 2513.

In *Crowell v. Crowell,* 180 N. C., 516, the Martin Act was upheld and a recovery had against a husband in tort for personal injuries by infecting her with a lothsome disease. At pp. 523-4, it is said: "It must be remembered that there is not, and never has been, any statute in England or this State declaring that 'husband and wife are one, and he is that one.' It was an inference drawn by courts in a barbarous age, based on the wife being a chattel, and therefore without any rights to property or person. It has always been disregarded by courts of equity. Public opinion and the sentiment of the age as expressed by all laws and constitutional provisions since have been against it. The anomalous instances of that conception, which still survive, in some courts are due to construing away the changes made by corrective legislation or restricting their application. Whether a man has laid open his wife's head with a bludgeon, put out her eye, broken her arm, or poisoned her body, he is no longer exempt from liability to her on the ground that he vowed at the altar to 'love, cherish and protect' her. Civilization and justice have progressed thus far with us, and never again will 'the sun go back ten degrees on the dial of Ahaz.' Isaiah, 38 :8."

The Martin Act is broad and comprehensive as to the right of the wife to sue the husband in tort for personal injuries. The defendant contends that this right given by the Constitution, *supra,* is applicable to "any female in this State" and the Martin Act goes beyond the purview of the Constitution. This contention is too technical and attenuated. The plaintiff was injured by the negligence of her husband, as charged in the complaint, in Orange County, N. C., on or about 17 August, 1937. Her cause of action arose in this State when she received the injury and at the time she was a "female in this State," and the Martin Act was applicable. The Constitution says nothing about non-residents in the State. May it be said to the glory of North Carolina that the courts of this State are open to all, rich and poor alike, and law and justice, tempered with mercy, are sought to be administered. The great writer Paul, in his Epistle to the Hebrews, ch. 13, vs. 2, which has come down through the ages, said: "Be not forgetful to

entertain strangers : for thereby some have entertained angels unawares."
For the reasons given, the judgment of the court below is
Affirmed.

STACY, C. J., concurring in result: Plaintiff sues to recover for injuries sustained in an automobile accident which occurred on Highway No. 70, in Orange County, 17 August, 1937. The action is transitory. It arose in this State. It is brought here. Hence, the law of North Carolina is to govern, both in its substantive and adjective features. *Farfour v. Fahad,* 214 N. C., 281, 199 S. E., 521; *Clodfelter v. Wells,* 212 N. C., 823, 195 S. E., 11; *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562; *Wright v. Pettus,* 209 N. C., 732, 184 S. E., 494; *Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82.

Plaintiff and defendant are residents of the State of Ohio. While not alleged in the complaint, it is stated in the case on appeal that they are husband and wife. Neither their nonresidency nor their relationship is a bar to the action in this State. *Alberts v. Alberts,* 217 N. C., 443, 8 S. E. (2d), 523; *Steele v. Telegraph Co.,* 206 N. C., 220, 173 S. E., 583; *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101. Here a wife may maintain an action against her husband for negligent injury. *Roberts v. Roberts,* 185 N. C., 566, 118 S. E., 9; *Jernigan v. Jernigan,* 207 N. C., 851, 175 S. E., 713; *York v. York,* 212 N. C., 695, 194 S. E., 486.

It is provided by ch. 13, Public Laws 1913 (Martin Act), now C. S., 2513, that a married woman, suing alone, can recover for personal injuries, and such recovery "shall be her sole and separate property" as fully as if she were unmarried. The changes wrought by this statute are substantive as well as remedial in character. They are not limited in their enjoyment to residents of the State. Indeed, such a limitation might import some constitutional difficulty. *McDonald v. MacArthur,* 154 N. C., 122, 69 S. E., 832; *Steele v. Telegraph Co., supra.* Under the Federal Constitution, Art. IV, sec. 2, the citizens of each State are "entitled to all privileges and immunities of citizens in the several states."

The right to sue without the right to take the benefits of a recovery would be an empty privilege. The courts are not open for shadow-boxing. The plaintiff is entitled to maintain her action in this jurisdiction.

There is no occasion to inquire whether a wife can sue her husband under the Ohio Law. The law of the forum is alone applicable to the case. *Howard v. Howard, supra.*

SCHENCK, J., joins in this opinion.

BARNHILL, J., dissenting: Plaintiff is defendant's wife. They are residents of Ohio. Their marital status is determined by the law of that State.

The right to compensation for personal injury negligently inflicted is a chose in action; a species of personal property. The *situs* of the ownership of personal property is the residence of the owner. In this instant it is personal to the plaintiff. In no sense is it located in North Carolina except when and if she comes to this State.

In Ohio the common law fiction of the unity of the person of the husband and wife, with certain modifications, still exists. Plaintiff and defendant are, in the eyes of the law of that State, one person. Upon her marriage her legal existence was merged in that of her husband and she cannot possess or sue upon a claim against him.

So long as she remains there she has no right to compensation on the cause of action alleged. When she came to this State to institute this action she became possessed of this right so soon as she crossed the State line. Having instituted this action and upon her return to Ohio she was divested of the right. When she returns to this State for the trial of this cause she will be revested therewith. When she obtains judgment— if she does—she will have to sue upon it in Ohio so as to be entitled to execution. She will be met at the threshold of that suit by her disability. Thus, in practical effect, she will own nothing. Why is not this permitting our courts to engage in shadow-boxing? In any event, it involves a logic I am unable to follow.

Furthermore, when the action does not involve property located in this State, which is the subject matter of the suit, and all parties are nonresidents, our courts are open to them as a matter of courtesy and not as a matter of right. When the action is so patently an effort to evade the limitations of the law of their State, the courtesy should be denied.

It is true that the action is transitory and, conceding that plaintiff has a cause of action, she may be permitted to maintain her action in the courts of this State. That is not the question here. We are now dealing with plaintiff's want of capacity to sue her husband due to her disability. Under the law of her State she and her husband are but one and, as against him, she has no legal existence. Plaintiff and defendant being one person, and the plaintiff possessing no legal existence as against the defendant, the Court has no jurisdiction.

I may say that I am not in sympathy with the common law rule. However, we are interested now in applying the law as it is and not as we believe it should be.

WINBORNE and SEAWELL, JJ., concur in this opinion.