### G. B. SCHOLTENS v. ELIZABETH SCHOLTENS.

(Filed 23 March, 1949.)

**1. Common Law—**

So much of the common law as has not been abrogated or repealed by statute is in full force and effect within this State.   G.S. 4-1.

**2. Husband and Wife § 4—**

The common law rights and disabilities of husband and wife are in force in this State except in so far as they have been abrogated or repealed by statute.

**3. Husband and Wife § 11—**

A husband may not maintain an action against his wife for a personal tort committed by her against him during coverture, since this common law disability has not been abrogated or repealed by statute.   G.S. Chap. 52.

APPEAL by defendant from *Bone, J.,* at November Term, 1948, of NASH.

Civil action to recover damages for personal injuries allegedly sustained by plaintiff in automobile wreck as result of actionable negligence of defendant.

The complaint of plaintiff alleges that he and defendant are residents of Miami, Florida, and, by stipulation of parties, the complaint is amended to show that "plaintiff is now and was at the time of the happening of the events complained of and at the time of the commencement of this action the husband of the defendant."

The complaint also alleges, in substance, that while plaintiff was riding as a guest in automobile owned and operated by, and under the sole control of defendant on a certain public highway of North Carolina, U. S. Highway No. 301, at point about four miles north of Enfield, North Carolina, the automobile was wrecked by reason of acts of negligence of defendant in the respects enumerated, as the proximate result of which he, the plaintiff, sustained personal injuries to his great damage, for which he prays judgment.

Defendant demurred to the complaint of plaintiff "for that it appears upon the face thereof that

(a) The plaintiff has not legal capacity to sue; and

(b) The complaint does not state facts sufficient to constitute a cause of action," upon the ground that "It appears upon the face of the complaint, as amended by the stipulation filed herein, that, at the time of the happening of the events complained of and at the time of the commencement of this action and at the present time, the plaintiff was and is the husband of the defendant.   It further appears upon the face of the complaint that this is an action in tort whereby the plaintiff seeks to

recover for injuries alleged to have been sustained because of the negligence of the defendant."

The cause came on for hearing before the Judge presiding at the November Term, 1948, of Superior Court of Nash County, upon the demurrer. And the court being of opinion that the demurrer is not well taken, ordered and adjudged that the demurrer be overruled, and gave defendant time in which to file answer.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Thorp & Thorp for plaintiff, appellee.*
*Spruill & Spruill for defendant, appellant.*

WINBORNE, J. In this State may a husband maintain an action against his wife for a personal tort committed by her against him during coverture?

This question was adverted to in the case of *Shirley v. Ayers and Shirley,* 201 N.C. 51, 158 S.E. 840, but the Court expressly disavowed the necessity of deciding, and did not decide it. That action was instituted by the husband against his wife during coverture, but it was based upon a cause of action which arose prior to their marriage. He was permitted to maintain the action by virtue of the provisions of G.S. 52-14 by which the liability of a *feme sole* for damages incurred by her before marriage shall not be impaired or altered by such marriage.

So, the question is now before this Court for the first time. The trial court was of opinion that the question should be answered in the affirmative. But, in the light of the common law, effective in this State, except as abrogated or modified by statute, we are of opinion to the contrary, and hold that the husband is not authorized by law to maintain such action against his wife.

At common law the husband and wife were considered one,—the legal existence of the wife during coverture being merged in that of the husband, *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566, and they were not liable for torts committed by one against the other. *Thompson v. Thompson,* 218 U.S. 611, 31 St. Ct. 111, 54 L.Ed. 118, 30 L.R.A. (N.S.) 1153, 21 Ann. Cas. 921, affirming 31 App. D. C. 557, 14 Ann. Cas. 879. And so much of the common law as has not been abrogated or repealed by statute is in full force and effect within this State. G.S. 4-1, formerly C.S. 970. Among other cases see *S. v. Hampton,* 210 N.C. 283, 186 S.E. 251; *Merrell v. Stuart,* 220 N.C. 326, 17 S.E. 2d 458; *S. v. Batson,* 220 N.C. 411, 17 S.E. 2d 511; *S. v. Emery,* 224 N.C. 581, 31 S.E. 2d 858; *Hoke v. Greyhound Corp.,* 226 N.C. 332, 38 S.E. 2d 105; *Moche v. Leno,* 227 N.C. 159, 41 S.E. 2d 369; *S. v. Sullivan,* 229 N.C. 251, 49 S.E. 2d 458. And this applies to the common law in respect to rights and disabilities

of husband and wife. *Roberts v. Roberts,* 185 N.C. 566, 118 S.E. 9, and numerous other cases.

Since what is said by this Court in the *Roberts case, supra,* in opinion by *Adams, J.,* is such full treatment of the subject, we quote from it these excerpts: "In the absence of constitutional or statutory provision permitting a husband and wife to retain their separate legal identity after marriage, the rule still prevails that husband and wife are a legal unity, and therefore incapable of suing each other at law." And, "it is equally true, however, that the tendency of modern legal thought has been not entirely to displace the common law, but to enlarge the rights of married women even to the extent in some instances of abolishing the common law fiction," and "accordingly, the legislatures of the several States have enacted laws purporting to emancipate married women, the legal interpretation of each law depending upon its phraseology or particular provisions." Moreover, "We have said that certain rights, duties, and disabilities of husband and wife were produced by the joint operation of public policy and a common law fiction; and as it is the prerogative of the legislature to change or modify the common law, and to declare what acts shall be contrary to or in keeping with public policy, it is necessary to determine in what way, if any, and to what extent the relation of husband and wife has been modified in this jurisdiction by legislative enactment." Then after referring to statutory provisions then in effect in this State, the Court there declared: "By this legislation the relation which married women sustain to their husbands as well as to third persons has been materially affected. The unity of person in the strict common law sense no longer exists in this jurisdiction, because many of the common law disabilities have been removed," and "this change relates to remedies as well as to rights." And the Court there reiterated the holding made in the case of *Crowell v. Crowell,* 180 N.C. 516, 105 S.E. 206, that the wife could maintain an action against her husband to recover damages for injuries inflicted upon her person by him. This decision was based on the statutes then in effect, the first of which, C.S. 2513, provided: "The earnings of a married woman by virtue of any contract for her personal service, and *any damages for personal injuries, or other tort sustained by her,* can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate *property* as fully as if she had remained unmarried." This is the 1913 Act. P.L. 1913, Ch. 13. And the second of which, C.S. 454 (2), relating to civil actions, provided that "When a married woman is a party, her husband must be joined with her, except that . . . when the action is between herself and her husband she may sue or be sued alone."

But it is now noted that the statute C.S. 454 was deleted in the adoption of the General Statutes as being superseded by G.S. 52-1, *et seq.,*

that is Chapter 52 entitled Married Women. See Division XX, Appendix VIII, Comparative table, (2) Table of deleted Sections.

Therefore, when the several sections in Chapter 52 of the General Statutes are read, the provisions of C.S. 2513 appear as G.S. 52-10, but the provisions of C.S. 454 no longer appear, and there is no provision authorizing the husband to sue his wife in tort for injury inflicted upon him by her during coverture. Moreover, the provisions of this chapter, G.S. 52, in so far as the husband is concerned, constitute in the main abridgements of rights he had as to his wife's property under the common law, and do not purport to create in him, as against her, rights he did not have at common law. *Helmstetler v. Power Co.*, 224 N.C. 821, 32 S.E. 2d 611.

And while it is urged that since the wife may sue the husband in such cases, he should be permitted the like right to sue her, sufficient answer for present purposes is, this Court does not make the law. That is in the province of the General Assembly. (*Roberts v. Roberts, supra.*) And the General Assembly has not seen fit to so modify the common law.

The judgment below is

Reversed.