RUTH OLSON SHAW v. THOMAS H. LEE,
ADMINISTRATOR OF THE ESTATE OF DAVID M. SHAW, DECEASED.

(Filed 1 February 1963.)

**1. Husband and Wife § 9—**

The common law rule that one spouse cannot sue the other for personal injuries negligently inflicted has been modified in this State so as to permit such action.

**2. Same; Courts § 20; Automobiles § 48—**

Where the wife is injured in an accident occurring in a state which does not permit the wife to sue her husband or his estate for tortious injury, the wife may not maintain an action in this State on such cause of action, since the *lex loci* controls, nor do our statutes alter this rule, since it was not the legislative intent that the statutes giving the wife such right of action should apply to actions arising outside the borders of this State. G.S. 52-10.1.

**3. Same; Insurance § 58—**

The Automobile Financial Responsibility Act cannot have the effect of permitting the wife to sue her husband or his estate for tortious injury resulting from an accident occurring in a state which does not

recognize such cause of action, since the existence of liability insurance cannot create a cause of action where none exists otherwise.

APPEAL by plaintiff from *Hobgood, J.,* June 1962 Civil Term of DURHAM.

Plaintiff brings this action to recover damages for injuries allegedly negligently inflicted. The complaint alleges: Plaintiff is a resident of North Carolina. On 31 August 1960 plaintiff was riding as the guest of her deceased husband, David M. Shaw, in an automobile owned and operated by him. She was injured in a collision between the automobile and a truck in Thornburg, Virginia. The collision was caused by the joint and concurrent negligence of her husband and the driver of the truck.

Defendant demurred to the complaint for failure to state a cause of action for that plaintiff, to recover in North Carolina, must allege a right of action given in Virginia to recover for the injuries there sustained; Virginia does not give a right of action to one spouse to recover damages from the other for injuries to the person negligently inflicted. The demurrer was sustained.

*Everett, Everett & Everett by Robinson O. Everett for plaintiff appellant.*
*Spears & Spears for defendant appellee.*

RODMAN, J. We have in previous decisions held claimant's right to recover and the amount which may be recovered for personal injuries must be determined by the law of the state where the injuries were sustained; if no right of action exists there, the injured party has none which can be enforced elsewhere. *Doss v. Sewell,* 257 N.C. 404; *Kizer v. Bowman,* 256 N.C. 565, 124 S.E. 2d 543; *Knight v. Associated Transport, Inc.,* 255 N.C. 462, 122 S.E. 2d 64; *Nix v. English,* 254 N.C. 414, 119 S.E. 2d 220; *McCombs v. Trucking Co.,* 252 N.C. 699, 114 S.E. 2d 683; *Goode v. Barton,* 238 N.C. 492, 78 S.E. 2d 398; *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Bogen v. Bogen,* 219 N.C. 51, 12 S.E. 2d 649; *Wise v. Hollowell,* 205 N.C. 286, 171 S.E. 82; *Young v. Masci,* 289 U.S. 253, 77 L. ed. 1158, 53 S. Ct. 599, 88 A.L.R. 170; 11 Am. Jur. 490; 15 C.J.S. 897.

At common law one spouse could not sue the other for personal injuries negligently inflicted. *Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350; *Thompson v. Thompson,* 218 U.S. 611, 54 L. ed. 1180; 27 Am. Jur. 183.

Our Legislature by statute modified the common law and permitted the wife to sue the husband for injuries tortiously inflicted. *Crowell v. Crowell,* 180 N.C. 516, 105 S.E. 206; *Roberts v. Roberts,* 185 N.C. 566, 118 S.E. 9; *Earle v. Earle,* 198 N.C. 411, 151 S.E. 884; *Alberts v. Alberts,* 217 N.C. 443, 8 S.E. 2d 523.

Virginia has also enacted statutes liberalizing the common law rules with respect to married women, but these statutes, as interpreted by the Supreme Court of Appeals of Virginia, do not go so far as to permit a married woman to sue her husband for injuries negligently inflicted. The Virginia statutes were examined at length to determine this specific question in *Keister's Adm'r. v. Keister's Ex'rs.,* 96 S.E. 315, decided in 1918. The Court there held that a wife could not sue her husband for personal injuries; therefore neither she nor her administrator could sue the personal representative of her husband.

The *Keister* case has been recently cited by the Court of Appeals of Virginia as the law of that state at the present time. *Furey v. Furey,* 71 S.E. 2d 191 (1952); *Vigilant Insurance Co. v. Bennett,* 89 S.E. 2d 69 (1955); *Midkiff v. Midkiff,* 113 S.E. 2d 875 (1960). We find no statute or decision subsequent to these dates which in our opinion reverses or modifies the conclusion reached in the *Keister* case. We are convinced if this action had been instituted in Virginia, plaintiff could not recover.

For practical purposes the claim asserted by plaintiff is identical with the claim asserted in *Howard v. Howard,* 200 N.C. 574, 158 S.E. 101, decided in 1931. There plaintiff was injured by the negligent operation of an automobile by her husband. The injuries were inflicted in New Jersey. New Jersey, adhering to the common law, denied a wife the right to sue her husband for injuries resulting from his negligence. This Court sustained a judgment of nonsuit, holding plaintiff could not recover here unless she had a right of action under the laws of New Jersey.

Ten years after the *Howard* case was decided, this Court was called upon to determine whether a resident of Ohio, where the common law rule was in force, could recover in an action against her husband for injuries negligently inflicted here. Applying the rule announced in the *Howard* case, this Court held plaintiff was entitled to maintain her action. *Bogen v. Bogen,* 219 N.C. 51, 12 S.E. 2d 649. Three members of the Court dissented, expressing the opinion that this Court ought to apply the law of Ohio where the parties were domiciled. For more than twenty years the law as announced in the *Howard* and *Bogen* cases was accepted by the lawyers of this State as sound and logical.

In 1931 the highest appellate courts of three states, including North Carolina, passed on the right of a wife to recover in the state of her

residence damages resulting from the negligent operation of a motor vehicle by her husband in another state. The first of these cases was *Buckeye v. Buckeye,* 234 N.W. 342, decided by the Supreme Court of Wisconsin 13 January 1931. Plaintiff in that case was injured by defendant's negligence in Illinois. Plaintiff and defendant married subsequent to the injury. They were residents of Wisconsin when plaintiff was injured and when the suit was begun. Wisconsin permitted a wife to sue her husband for tort. Illinois did not and under the laws of Illinois the right of action which an unmarried person might have for injuries negligently inflicted terminated upon her marriage to the tortfeasor. Plaintiff there insisted that the Illinois law could have no extraterritorial effect, and since she originally had a cause of action for the injuries sustained, she could enforce that right in the courts of Wisconsin. The Supreme Court of Wisconsin answered that contention in this language: "It is plaintiff's contention that the extinguishment of her cause of action in this case could only occur as a result of her loss of legal identity through marriage. From this it is contended that since, under the Wisconsin law, she did not lose her legal identity by marriage, and since the law of Wisconsin governs with respect to the legal consequences of marriage in this respect, the cause of action was not extinguished. This position involves the further contention that there is a valid distinction between the situation presented here and that presented by statute or rule in the state where the tort was committed, specifically and intentionally directed to the extinguishment of causes of action. We have concluded that plaintiff's contention is not sound. If, as seems clear, the law of Illinois, is to govern, both as to the creation and extent of defendant's liability, and if the liability so created is subject to discharge or modification by the law of Illinois, we see no escape from the conclusion that plaintiff's cause of action has been wholly extinguished by her marriage."

*Howard v. Howard, supra,* was decided 1 April 1931. It makes no reference to the *Buckeye* case. It did not go as far as the decision in *Buckeye.* It merely held that if no cause of action ever arose in the state where the asserted wrong was done no cause of action could be asserted here.

*Dawson v. Dawson,* 138 So. 414, decided by the Supreme Court of Alabama in December 1931, is factually similar to the *Howard* case. There husband and wife, residents of Alabama, were traveling in Mississippi when the wife was injured by the negligence of the husband. Alabama, like North Carolina, permitted a wife to sue her husband. Mississippi, like Virginia, held that a wife had no cause of action for injuries to her person resulting from her husband's negligence.

Plaintiff in that case conceded that the courts of Mississippi had held that a woman residing in Mississippi could not sue her husband for injuries inflicted in that state but contended that an Alabama wife tortiously injured by her Alabama husband while in transit through Mississippi could recover from her husband for the wrong thus done her. Hence she argued she had a right to maintain her action in Alabama. The Court disposed of the contention by quoting from its previous decision in *Alabama G. S. R. Co. v. Carroll*, 11 So. 803: "The whole argument is at fault. The only true doctrine is that each sovereignty, state or nation, has the exclusive power to finally determine and declare what act or omissions in the conduct of one to another—whether they be strangers, or sustain relations to each other which the law recognizes, as parent and child, husband and wife, master and servant, or the like—shall impose a liability in damages for the consequent injury, and the courts of no other sovereignty can impute a damnifying quality to an act or omission which afforded no cause of action where it transpired." The Supreme Court of Alabama did not refer to the *Buckeye* or *Howard* cases.

*Gray v. Gray*, 174 A 508, 94 A.L.R. 1404, was decided by the Supreme Court of New Hampshire in 1934. There the wife was injured in Maine; it adhered to the common law. New Hampshire permitted a wife to sue her husband. The Court held that plaintiff could not recover as the *lex loci* was controlling.

It is said in the annotation to *Gray v. Gray*, in 94 A.L.R. 1411: "[I]t seems that the common-law rule that the spouses cannot sue each other is more than a prohibition against maintaining an action, but is a substantive rule which prevents the creation of a cause of action as between the spouses." The annotator correctly interprets the law as it has been declared by our Court.

*Robinson v. Gaines*, 331 S.W. 2d 653, was decided by the Supreme Court of Missouri in February 1960. Plaintiff in that case sustained injuries as a result of her husband's negligent operation of his automobile in New Mexico. Plaintiff and her husband were residents of Missouri where she sued the administrator of her husband's estate. The Court was called on to answer two questions: (1) What was the law of New Mexico? (2) If plaintiff had no cause of action in New Mexico, could she nevertheless maintain her action in Missouri? The Court held plaintiff had no right of action under the laws of New Mexico. In answering the second question, it said the *lex loci* was controlling, thereby prohibiting a recovery in Missouri.

Other cases discussing the right of a wife to sue her husband for injuries tortiously inflicted in a state other than the domicile of the

parties are collected in 108 A.L.R. 1126, 146 A.L.R. 705, and 22 A.L.R. 2d 1248. An examination of these cases will show the general adherence to the rule of *lex loci* as applied in *Howard v. Howard, supra.*

Notwithstanding the enormous preponderance of authority supporting the conclusion reached in *Howard v. Howard,* plaintiff seeks a different result. She assigns two reasons to support her position: (1) The rule which prohibits interspousal suits is founded on the legal myth of unity of person promulgated to promote domestic felicity. This can best be accomplished by applying domiciliary law. (2) Plaintiff has been accorded the right to recover by statute enacted by our Legislature subsequent to the decision in the *Howard* case.

True, as plaintiff says, some courts hold the common law rule is a mere prohibition against suit during the marital relationship, terminating when that relationship ends. This is the view adopted by the Supreme Court of Pennsylvania. It said, in *Johnson v. Peoples First Nat. Bank & Trust Co.,* 145 A 2d 716: "The shackles with which the common law fiction bound a wife no longer exist. The public policy of prevention of marital discord alone can furnish no rational justification for a wife's disability to sue her husband for a tort during coverture: such policy is directed to procedure, rather than substance. . .Danger to marital happiness and harmony arises not from the *existence* of a cause of action arising from the tort, but rather from its *enforcement.*" Hence it held that when a marriage relationship was terminated by death of the husband the wife could maintain an action against his personal representative for injuries negligently inflicted. Had plaintiff's injuries been inflicted in Pennsylvania rather than Virginia, we would, as stated in the *Howard* case, apply the Pennsylvania law and permit her to recover against her husband's personal representative. But the law of Virginia is contrary to the law of Pennsylvania. The Court said in *Keister's Adm'r. v. Keister's Ex'cr., supra:* "The further question is raised in the instant case whether, if there was a right of action aforesaid in the wife, it survived against the personal representative of the husband. In view of our conclusion that there was no such right of action in the wife, the further question mentioned does not arise in the case before us, and hence we do not deal with it in this opinion."

Plaintiff also calls our attention to the case of *Haumschild v. Continental Casualty Co.,* 95 N.W. 2d 814, decided by the Supreme Court of Wisconsin in April 1959. These are the facts of that case: Plaintiff and Leroy Gleason, a defendant, were married in Wisconsin in November 1956. They lived together as man and wife until March 1957. In December 1956 plaintiff sustained injuries resulting from the negli-

gent operation of a motor vehicle by defendant Gleason. The accident occurred in California where a wife could not sue her husband in tort. The marriage was annulled in March 1958. Suit was in Wisconsin, which allowed the wife to sue her husband in tort. The Court stated the question for decision in this language: "Which law controls, that of the state of the forum, the state of the place of wrong, or the state of domicile?"

Prior to 1959 the Supreme Court of Wisconsin had, in a number of cases including *Buckeye v. Buckeye, supra,* applied the *lex loci. Haumschild v. Continental Casualty Co., supra,* expressly overruled the *Buckeye* and similar cases and held the law applicable in interspousal suits was the law of the domicile. It based its conclusion on *Emery v. Emery,* 45 Cal. 2d 421, 289 P 2d 218; *Koplik v. C. P. Trucking Corp.,* 141 A 2d 34; *Pittman v. Deiter,* 10 Pa. Dist. & Co. R. 2d 360; and articles appearing in several law reviews, especially an article entitled "Interspousal Liability for Automobile Accidents in the Conflict of Laws: Law and Reason Versus the Restatement," 15 University of Pittsburgh Law Review 397. The Court announced its conclusion in this language: "We are convinced that, from both the standpoint of public policy and logic, the proper solution of the conflict of laws problem, in cases similar to the instant action, is to hold that the law of the domicile is the one that ought to be applied in determining any issue of incapacity to sue based upon family relationship."

On the same day the Supreme Court of Wisconsin announced its decision in *Haumschild v. Continental Casualty Co., supra,* it handed down a per curiam opinion, *Bodenhagen v. Farmers Mutual Insurance Co.,* 95 N.W. 2d 822. It there said the rule denying the wife the right to sue was not based on the immunity of the husband but was a declaration that no right ever arose because of the tort. Nonetheless, it adhered to the rule announced in the *Haumschild* case and applied the law of the domicile rather than the *lex loci.*

We have given thoughtful consideration to the cases and articles to which plaintiff, in her well prepared brief, called our attention. In our view it is not a question of the capacity of the spouse to sue but a question of whether the spouse ever had any cause of action.

We approve the reason given by the Supreme Court of Missouri in *Robinson v. Gaines, supra,* for adhering to our prior decisions. It said: "Plaintiff would have us apply the *lex domicilii* of the family and disregard our statutory provisions for and decisions applying the substantive law of the *lex loci.* This is not justified by our research of the law of New Mexico or the law as declared by our General Assembly or applicable court decisions. Any modification of the

New Mexico substantive law under factual situations similar to the instant record should be left for determination by the Legislature or Supreme Court of New Mexico." The only amendment we would make to the foregoing statement would be to substitute Virginia for New Mexico.

Plaintiff's second position is that our statutory law necessitates a result opposite to the conclusion reached in *Howard v. Howard, supra.* She says (a) our financial responsibility act affords her protection. The answer to this is, we think, clearly and concisely stated in *Villaret v. Villaret,* 169 F 2d 677, quoted with approval by the Supreme Court of Tennessee in *Prince v. Prince,* 326 S.W. 2d 908: "The existence of liability insurance ought not to create a cause of action where none exists otherwise. A policy of such insurance protects against claims legally asserted, but it does not itself produce liability."

The other statute on which plaintiff relies is c. 263 S.L. 1951, now G.S. 52-10.1, saying: "A husband and wife have a cause of action against each other to recover damages sustained to their person or property as if they were unmarried."

This Court held, in *Crowell v. Crowell, supra,* and other cases decided prior to the enactment of the General Statutes by the 1943 Legislature, that a wife might sue her husband for injuries negligently inflicted. The conclusions reached in those cases were based on holdings that our statutes had so modified the common law that a wife might sue her husband. After the statutes as codified and revised were submitted to and approved by the General Assembly of 1943, this Court held the language was not sufficient to authorize a husband to sue his wife for injuries resulting from her negligence. *Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350. The Legislature at the next session enacted the quoted statute. It is, we think, reasonably apparent the enactment was intended to change for the future the result reached in *Scholtens v. Scholtens, supra.* 29 N.C. Law Rev. 359. The Legislature did not intend to extend its enactments beyond our borders and create in a spouse a right of action against the other for acts done beyond the borders of North Carolina.

The reasoning supporting the conclusions reached in *Howard v. Howard, supra,* and *Bogen v. Bogen, supra,* is, we think, sound. To depart from the principles on which those cases were based will open the door to a multitude of claims founded on the assertion that the law of the *lex domicilii* is more equitable and just than the *lex loci*— justifying the application of our substantive law instead of the *lex loci.* We do not deem it wise to voyage into such an uncharted sea, leaving behind well established conflict of laws rules.

Affirmed.