LILLIE H. PETREA, PLAINTIFF v. RYDER TANK LINES, INC., ORIGINAL DEFENDANT, AND OSCAR A. PETREA, ADDITIONAL DEFENDANT.

(Filed 7 April, 1965.)

1. **Torts § 4—**
   An original defendant may bring into the action for the purpose of enforcing contribution only a joint tort-feasor whom plaintiff could have sued originally in the same action. G.S. 1-240.

2. **Same; Courts § 20; Husband and Wife § 9—**
   Where the laws of the state in which the accident occurred do not permit the wife to sue the husband in tort, a defendant sued by the wife for negligent injury in an action instituted in this State may not have the husband joined for contribution under G.S. 1-240.

APPEAL by original defendant from *Olive, E. J.,* December 1964 Civil Session of DAVIDSON.

Plaintiff, a resident of North Carolina, instituted this action against Ryder Tank Lines, Inc. (Ryder), a North Carolina corporation, to recover for personal injuries. In brief summary she alleges: On October 4, 1963, plaintiff was a passenger in the automobile of her husband, Oscar A. Petrea, who was operating it on U. S. Highway No. 460 in West Virginia. As a result of the negligence of the operator of a Ryder tractor-trailer, it collided with the Petrea automobile. In the collision plaintiff sustained serious injuries for which she is entitled to recover damages.

Answering, Ryder denied any negligence on the part of its driver. It alleged that the negligence of plaintiff's husband, Oscar A. Petrea, was the sole proximate cause of plaintiff's injuries. In addition, Ryder set up a cross action against O. A. Petrea for contribution pursuant to the provisions of G.S. 1-240.

Additional defendant Petrea demurred to the cross action for that (1) plaintiff is the wife of additional defendant; (2) under the laws of the state of West Virginia, a wife may not sue her husband; and (3) original defendant, therefore, cannot maintain a cross action against plaintiff's husband for contribution.

Judge Olive sustained the demurrer and dismissed the cross action. Ryder appeals.

*Walser, Brinkley, Walser & McGirt for original defendant appellant. fendant appellant.*

*Hudson, Ferrell, Petrea, Stockton, Stockton & Robinson and J. Lee Wilson for additional defendant appellee.*

PER CURIAM. A defendant who has been sued for tort may bring into the action for the purpose of enforcing contribution under G.S. 1-240 only a joint tort-feasor whom plaintiff could have sued originally in the same action. *Jones v. Aircraft Co.,* 253 N.C. 482, 117 S.E. 2d 496; *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335, 156 A.L.R. 922. The law of West Virginia does not permit one spouse to sue the other in tort. *Campbell v. Campbell,* 145 W. Va. 245, 114 S.E. 2d 406; *Poling v. Poling,* 116 W. Va. 187, 179 S.E. 604. North Carolina applies the *lex loci delicti.*

> "We have in previous decisions held claimant's right to recover and the amount which may be recovered for personal injuries must be determined by the law of the state where the injuries were sustained; if no right of action exists there, the injured party has none which can be enforced elsewhere." *Shaw v. Lee,* 258 N.C. 609, 610, 129 S.E. 2d 288, 288.

Original defendant concedes in its brief that if the rule which was followed in *Shaw v. Lee, supra,* is applied to this case, the decision of the court below should be affirmed. It argues, however, that we should overrule *Shaw v. Lee, supra,* and thus abandon our well-established conflicts rule, in order to apply the law of the state which has had "the most significant relationship or contacts with the matter in dispute" — in this case, appellant contends, North Carolina. Such an approach is referred to as the "center of gravity" or "grouping of contacts" theory. See Annot., Choice of law in application of automobile guest statutes,

95 A.L.R. 2d 12, 49. Notwithstanding that appellant's counsel in his brief and in his argument presented his case to this court in the best possible light, the same reasons which dictated our decision in *Shaw v. Lee, supra,* constrain us to adhere to it.

The judgment of the court below is

Affirmed.