JUDITH C. HENRY v. HAROLD J. HENRY

No. 25

(Filed 4 November 1976)

1. Courts § 21; Husband and Wife § 7— right of wife to sue husband in tort — what law governs — effect of G.S. 52-5.1

The rule that the law of the state wherein the injury occurred determines the right of an injured wife to maintain in the courts of this State an action for damages against the husband whose negligence was the proximate cause of the injury was rescinded by G.S. 52-5.1 with reference to the right of a wife domiciled in North Carolina to maintain, in the courts of this State, an action for damages for injuries proximately caused by the negligence of her husband in another state; however, that statute did not affect the rule with reference to the right of a nonresident wife to sue her husband in the courts of this State to recover damages for injuries inflicted in this State and proximately caused by his negligence.

2. Courts § 21; Husband and Wife § 7— right of wife to sue husband in tort — what law governs — significant contacts test

The Supreme Court declines to adopt the rule that the right of one member of a family to sue another member thereof for injuries proximately caused by such defendant's negligence should be governed by the law of the state having "the most significant relationship or contacts with the matter in dispute," which is normally, though not always, the state of the domicile of the family.

3. Courts § 21; Husband and Wife § 7— accident in this State — right of nonresident wife to sue husband

A wife injured in an automobile collision upon a highway in North Carolina proximately caused by the negligence of her husband, the driver of the automobile, may maintain in the courts of North Carolina an action against her husband for damages on account of her injuries, although the parties were domiciled at the time of the collision in the State of Pennsylvania and the laws of that state do not permit such an action to be maintained by a wife against her husband.

APPEAL from the decision of the Court of Appeals, reported in 29 N.C. App. 174, 223 S.E. 2d 564 (1976), from which *Chief Judge Brock* dissented. The Court of Appeals affirmed the order of *Preston, J.*, at the 2 September 1975 Session of Durham overruling the motion of the defendant to dismiss the action.

The parties are, and at all times pertinent to this action were, husband and wife domiciled in Pennsylvania. The complaint alleges that, on 11 February 1973, the defendant husband was driving his automobile, in which the plaintiff wife was riding as a passenger, on Interstate Highway 85 in Granville County, North Carolina, that the automobile collided with another motor vehicle owned and operated by Franklin Delano Allen, in the collision the plaintiff wife sustained substantial bodily injuries in the treatment of which she incurred substantial expenses for hospital and medical services, that the defendant husband was negligent in specified respects in driving his said automobile and that such negligence was the proximate cause of the collision and of the resulting injuries sustained by the plaintiff, for which injuries she prays judgment in the amount of $110,000.

Prior to answering the complaint, the defendant husband moved to dismiss the action for want of jurisdiction over the subject matter by reason of the fact that the parties are residents of Pennsylvania and by the law of that state a wife may not maintain such an action against her husband. Simultaneously, the defendant husband made certain other motions not pertinent to this appeal.

Judge Preston concluded that the laws of North Carolina and not the laws of Pennsylvania control the right of the plaintiff wife to maintain this action and denied the motion to dismiss.

*DeMent, Redwine, Yeargan & Askew by Garland L. Askew for plaintiff.*

*Bryant, Bryant, Drew & Crill by Victor S. Bryant, Jr., for defendant.*

LAKE, Justice.

[3] The sole question upon this appeal is: May a wife, injured in an automobile collision upon a highway in North Carolina proximately caused by the negligence of her husband, the driver

of the automobile, maintain in the courts of North Carolina an action against her husband for damages on account of such injuries, the parties being domiciled at the time of the collision in the State of Pennsylvania, under the laws of which state no such action may be maintained by a wife against her husband?

In *Howard v. Howard,* 200 N.C. 574, 158 S.E. 101 (1931), the husband and wife were domiciled in North Carolina. She brought an action against him in North Carolina for injuries alleged to have been proximately caused by his negligent driving of an automobile in which she was riding as a passenger in the State of New Jersey. The law of North Carolina then, as now, permitted a wife to sue her husband for damages for injuries proximately caused by his negligence. The law of New Jersey did not allow a wife to maintain such an action against her husband. In affirming a judgment of nonsuit, this Court, speaking through Justice Adams, said:

> "The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done; that is, the measure of the defendant's duty and his liability for negligence must be determined by the law of New Jersey. (Citations omitted.) If an act does not give rise to a cause of action where it is committed the general rule is that the party who commits the act will not be liable elsewhere, and in such event it is immaterial that a cause of action would have arisen if the wrong had been done in the jurisdiction of the forum."

Thus, *Howard v. Howard, supra,* held that although under the law of the state of the domicile (North Carolina) a wife may maintain an action against her husband for injuries proximately caused by his negligence, she may not maintain such an action in the courts of this State if the injury occurred in a state under the laws of which she could not maintain such an action.

In *Bogen v. Bogen,* 219 N.C. 51, 12 S.E. 2d 649 (1940), the facts were similar to the present case. The parties were husband and wife domiciled in Ohio, the law of which state did not permit a wife to maintain an action against her husband for injuries proximately caused by his negligence. The plaintiff wife brought such an action in the court of this State alleging

such injury to her in an automobile accident which occurred in North Carolina, the law of this State permitting the wife to maintain an action against her husband for such injury. The husband's motion to dismiss was denied by the trial court. This Court affirmed. In an opinion by Justice Clarkson, in which Justice Devin, later Chief Justice, joined, it was said: "In this jurisdiction a wife has the right to bring an action for actionable negligence against her husband, *Roberts v. Roberts,* 185 N.C. 566; *Shirley v. Ayers,* 201 N.C. 51 (55) ; *Jernigan v. Jernigan,* 207 N.C. 831. We think that although the p'aintiff is a nonresident and the action transitory, the doors of the courts of this State are open to her to determine her rights," citing *Howard v. Howard, supra.* In a concurring opinion by Chief Justice Stacy, in which Justice Schenck joined, it was said: "There is no occasion to inquire whether a wife can sue her husband under the Ohio law. The law of the forum is alone applicable to the case," citing *Howard v. Howard, supra.* Justice Barnhill, later Chief Justice, wrote a dissenting opinion in which Justice Winborne, later Chief Justice, and Justice Seawell joined. The basis of the dissent was that if the wife recovered judgment in North Carolina, she would have to sue upon that judgment in Ohio "so as to be entitled to execution" and, when she did so, she would be "met at the threshold of that suit by her disability," so that in practical effect she would own nothing. The question of whether the Full Faith and Credit Clause of the Constitution of the United States would require Ohio to recognize the judgment of North Carolina as valid was not discussed in the dissenting opinion, nor did the dissenting opinion discuss the possibility that the North Carolina judgment might be enforceable by execution in some state other than that of the then domicile of the parties.

Thus, in *Bogen v. Bogen, supra,* this Court held that the law of the state in which the injury occurred (or the law of the state of the forum), not the law of the domicile, would govern the right of a wife to maintain against her husband a suit for damages for injury proximately caused by his negligence and the action could be maintained in a North Carolina court if maintainable where the injury occurred.

In *Alberts v. Alberts,* 217 N.C. 443, 8 S.E. 2d 523 (1940), the parties were husband and wife domiciled in Massachusetts, under the law of which state a wife could not maintain an action against her husband for injuries proximately caused by his neg-

ligence. The plaintiff wife sued in North Carolina for injuries sustained by her in an automobile accident which occurred in this State and which she alleged was proximately caused by the negligence of her husband. The husband's motion to dimiss was overruled and this Court affirmed, saying through Justice Clarkson, without dissent, "We think that although plaintiff is a nonresident and the action transitory, the doors of the courts of this State are open to her to determine her rights." While the opinion in *Alberts v. Alberts, supra*, does not mention the inability of the wife to sue in the state of her domicile, the decision, in effect, was that the of the state wherein the injury occurred (or the state of the forum), not the law of the state of the domicile, controlled the right of the wife to maintain such action.

Thus, as of 1940, the decisions of this Court clearly established that the right of a wife to sue in the courts of North Carolina for damages for personal injuries proximate'y caused by the negligence of her husband depended upon the law of the state wherein the injury occurred, not upon the law of the state of the domicile of the parties and this was true whether such rule resulted in the allowance or disallowance of the action in North Carolina.

In *Shaw v. Lee*, 258 N.C. 609, 129 S.E. 2d 288 (1963), the parties were husband and wife domiciled in North Carolina. The wife brought suit in the courts of North Carolina to recover damages for personal injuries received by her in an automobile accident which occurred in Virginia and which she alleged to have been proximately caused by the negligence of her husband. The law of Virginia did not allow a wife to bring such an action against her husband. The husband's demurrer to the complaint was sustained by the Superior Court and, on appeal, this Court affirmed that decision in a unanimous opinion written by Justice Rodman, thus reaffirming the rule of *Howard v. Howard, supra*, to the effect that the wife, though domiciled in North Carolina, could not maintain such an action in the courts of this State for injuries received in a state wherein the law did not permit a wife to bring such an action, although she could have maintained the action in the courts of this State had the accident occurred in North Carolina. Justice Rodman, speaking for a unanimous Court, said:

> "We have in previous decisions held claimant's right to recover and the amount which may be recovered

for personal injuries must be determined by the law of the state where the injuries were sustained; if no right of action exists there, the injured party has none which can be enforced elsewhere. * * *

"We have given thoughtful consideration to the cases and articles to which plaintiff, in her well prepared brief, called our attention. In our view it is not a question of the capacity of the spouse to sue but a question of whether the spouse ever had a cause of action. * * *

"The reasoning supporting the conclusions reached in *Howard v. Howard, supra,* and *Bogen v. Bogen, supra,* is, we think, sound. To depart from the principles on which those cases were based will open the door to a multitude of claims founded on the assertion that the law of the *lex domicilii* is more equitable and just than the *lex loci*—justifying the application of our substantive law instead of the *lex loci.* We do not deem it wise to voyage into such an uncharted sea, leaving behind well established conflict of laws rules."

In *Petrea v. Tank Lines,* 264 N.C. 230, 141 S.E. 2d 278 (1965), the parties were domiciled in North Carolina and the plaintiff wife was injured in an automobile accident in West Virginia under the law of which the wife could not bring an action for personal injuries proximately caused by the negligence of her husband. The plaintiff instituted action against the owner of the other vehicle involved in the accident and the original defendant brought a cross-action against the plaintiff's husband for contribution. The husband demurred to the cross-action. The demurrer was sustained and the cross-action dismissed. This Court affirmed in a Per Curiam opinion stating:

"Original defendant * * * argues * * * that we should overrule *Shaw v. Lee, supra,* and thus abandon our well-established conflicts rule, in order to apply the law of the State which has had 'the most significant relationship or contacts with the matter in dispute.' — in this case, appellant contends, North Carolina. Such an approach is referred to as the 'center of gravity' or 'grouping of contacts' theory. * * * Notwithstanding that appellant's counsel in his brief and in his argument presented his case to this Court in the best possible light, the same reasons which

dictated our decision in *Shaw v. Lee, supra,* constrain us to adhere to it."

Thus, as of 1965, the decisions of this Court clearly established that the right of the wife in maintaining such an action against her husband in the courts of North Carolina was governed by the law of the state in which the injury occurred, not by the law of the domicile of the parties and this was true whether the parties were domiciled in North Carolina and the injury occurred in another state, or vice versa.

[1] In 1967, the Legislature enacted G.S. 52-5.1 which provides: "A husband and wife shall have a cause of action against each other to recover damages for personal injury, property damage or wrongful death arising out of acts occurring outside of North Carolina, and such action may be brought in this State when both were domiciled in North Carolina at the time of such acts." Thus, the Legislature, by the enactment of this statute, rescinded the rule of *Howard v. Howard, supra, Shaw v. Lee, supra,* and *Petrea v. Tank Lines, supra,* with reference to the right of a wife domiciled in North Carolina to maintain, in the courts of this State, an action for damages for injuries proximately caused by the negligence of her husband in another state. This statute left untouched the rule of *Bogen v. Bogen, supra,* and *Alberts v. Alberts, supra,* with reference to the right of a nonresident wife to sue her husband in the courts of North Carolina to recover damages for injuries inflicted in this State and proximately caused by his negligence.

G.S. 52-5.1, therefore, does not constitute a legislative rescission in its entirety of the rule that the law of the state wherein the injury occurred determines the right of the injured wife to maintain in the courts of this State an action for damages against the husband whose negligence was the proximate cause of the injury. With the wisdom of that statute, we are not concerned. Our function is simply to give it the effect intended by the Legislature, not to broaden its effect. Clearly, this statute was designed by the Legislature to enable a North Carolina resident to sue in the courts of this State, notwithstanding such rule. This statute may not lawfully be construed so as to deprive the nonresident wife of her previously established right to maintain in the courts of this State an action against her husband for injuries sustained within North Carolina and proximately caused by his negligence.

The defendant contends that, irrespective of G.S. 52-5.1, we should now overrule *Bogen v. Bogen, supra,* and *Alberts v. Alberts, supra,* and deny to the nonresident wife access to the courts of North Carolina for redress of her injuries in such case if she and her husband are domiciled in a state whose law would not permit her to maintain such action in its courts. As the Court of Appeals observed, the defendant, in his brief and oral argument, has presented forcefully and persuasively substantial authority supporting his position. His arguments and his authorities are, however, the same as those presented to and rejected by this Court in *Shaw v. Lee, supra,* with the addition of a few more recent decisions of courts of other states, notably *Thompson v. Thompson,* 105 N.H. 86, 193 A. 2d 439, 96 A.L.R. 2d 969 (1963), and cases cited in the annotation appearing in 96 A.L.R. 2d 973.

[2] It is apparent that there has been an increase in the jurisdictions which reject the rule that this matter is to be determined by the law of the state where the injury occurs. These decisions, originating with the case of *Emery v. Emery,* 45 Cal. 2d 421, 289 P. 2d 218 (1955), are, generally, to the effect that the right of one member of a family to sue another member thereof for injuries proximately caused by such defendant's negligence should be governed by the law of the state having "the most significant relationship or contacts with the matter in dispute," which, in the opinion of these courts, is normally, though not always, the state of the domicile of the family. This is the view adopted by the American Law Institute's Second Restatement of Conflicts of Laws. Restatement, Conflict of Laws 2d, §§ 145, 169, a departure from the position taken by the First Restatement, which was current at the time of the above cited decisions of this Court.

The Second Restatement of Conflicts, § 145, states:

"(1) The rights and liabilities of the parties with respect to an issue in tort are to be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

"(2) *Contacts to be taken into account* in applying the principles of § 6 to determine the law applicable to an issue *include:*

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

    (c) the domicile, residence, nationality, place of incorporation and place of business of the parties;

    (d) the place where the relationship, if any, between the parties is centered.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue." (Emphasis added.)

[3] In our opinion, for us to direct the trial courts of this State to determine the right of the nonresident wife to maintain an action for negligent injuries against her husband by considering these and other "contacts" and weighing them in each situation would be to "voyage into such an uncharted sea" as was envisioned by Justice Rodman in *Shaw v. Lee, supra.* For the reasons which he there found persuasive against the same arguments now advanced to us by the defendant in this action, we do not deem it wise to embark upon such a voyage and leave behind the well established conflict of laws rules, laid down for the determination of this matter by our predecessors, so as to close the doors of the courts of North Carolina to a wife (or husband) injured in North Carolina by the negligence of her husband (or his wife) on account of the fact that the parties are domiciled in a state which, for reasons satisfactory to it, does not permit the bringing of such action by one spouse against the other. If, as a matter of state policy, such change in our law should be made, it should be made by the Legislature through the adoption of a counterpart to G.S. 52-5.1.

Affirmed.