FREDRICK GBYE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MARQUEZEYON GBYE, PLAINTIFF-APPELLANT v. DORIS GBYE, DEFENDANT-APPELLEE

No. COA97-1161

(Filed 18 August 1998)

**Conflict of Laws— automobile accident—*lex loci delicti***

The trial court properly dismissed a wrongful death action by the estate of a child against her mother under N.C.G.S. § 1A-1, Rule 12(b)(6), where the action arose from an automobile accident in Alabama, which recognizes the doctrine of parental immunity. Although plaintiff contends that there has been a judicial trend away from a mechanical application of the doctrine and that Alabama's doctrine is contrary to the public policy of North Carolina, North Carolina case law reveals a steadfast adherence to the traditional application of the doctrine and application of the doctrine to the facts of this case does not go against the good morals or natural justice of the State or work an injustice against the citizens of North Carolina. The legislature's abolition of parental immunity does not necessarily mean that a contrary law of a foreign jurisdiction is repugnant to North Carolina policy. Plaintiff's invitation to create a judicial exception to Alabama's doctrine is rejected.

Appeal by plaintiff-appellant from order entered 10 July 1997 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 30 April 1998.

*J. Rufus Farrior, P.A., by J. Rufus Farrior, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Jack M. Strauch, for defendant-appellee.*

WYNN, Judge.

In actions arising in tort, the doctrine of *lex loci delicti* provides that the law of the state where the tort was allegedly committed controls the substantive issues of the case. *Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 376 S.E.2d 47 (1989). Because the accident in which the minor daughter was killed occurred in Alabama, a state which provides parents with immunity from suit by their children, we hold that the trial court properly dismissed the wrongful death action by the child's estate against the child's mother.

On 3 June 1995, the mother in this action, a resident of Alamance County, North Carolina, drove her automobile through Baldwin County, Alabama with her two minor daughters riding in the back seat when her vehicle was involved in a one car accident killing her youngest daughter.

As a result of the child's death, the child's father brought this wrongful death action against his wife in Alamance County Superior Court on behalf of his daughter's estate. The mother answered, moving to dismiss the wrongful death claim on the ground that the rule of *lex loci delicti* required that Alabama's parental immunity doctrine be applied to bar her husband's claim against her on behalf of his daughter. The trial court agreed and dismissed the action for failure to state a claim upon which relief could be granted under Rule 12(b)(6). From that order, this appeal followed.

---

On appeal, the child's estate contends that the trial court erred in applying Alabama's parental immunity law to bar this wrongful death action. According to the child's estate, the trial court should have applied the law of this State, which has specifically abolished parental immunity in cases involving motor vehicle accidents, *see* N.C. Gen. Stat. § 1-539.21 (1991), not the law of Alabama. We disagree.

Under traditional rules of conflict law, matters affecting the substantive rights of the parties are determined by *lex loci delicti*, the law of the situs of the claim. *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 853-54 (1988) (citing *Charnock v. Taylor*, 223 N.C. 360, 26 S.E.2d 911 (1943)). For actions arising in tort, it is well-settled that the state where the injury occurred is considered the situs of the claim. *Id.* "Thus, under North Carolina law, when the injury giving rise to a negligence or strict liability claim occurs in another state, the law of that state governs resolution of the substantive issues in the controversy." *Id.* (citations omitted).

In this case, the automobile accident which killed the child occurred in Baldwin County, Alabama. Therefore, under the rule of *lex loci delicti*, Alabama law, which recognizes the doctrine of parental immunity, governs the threshold issue in this case, namely, whether the child's estate can make out a valid claim upon which relief can be granted.

The child's estate argues that although the rule of *lex loci delicti* applies in a "technical sense," it should not be applied in this partic-

ular case because (1) "there has been a noted judicial trend away from a mechanical application of the traditional *lex loci deliciti* [sic] doctrine to a more 'modern approach' under which the applicable law is determined by analyzing a number of objective factors" and (2) Alabama's parental immunity doctrine is contrary to the "extraordinarily strong public policy" in this state against such immunity in cases involving motor vehicle accidents as is evidenced by our legislature's abolition of the parental immunity doctrine in N.C. Gen. Stat. § 1-539.21.

While the first argument of the child's estate has equitable appeal, we find no evidence in our case law of a trend towards, what plaintiff contends, is a more "modern approach" to the *lex loci delicti* doctrine. To the contrary, our review of North Carolina case law reveals a steadfast adherence by our courts to the traditional application of the *lex loci delicti* doctrine. *See Boudreau,* 322 N.C. at 335-36, 368 S.E.2d at 854 (stating that the rule of *lex loci delicti* "continues to be the majority rule in the United States," and that as such, there is no reason for our courts to abandon the well-settled rule); *Braxton v. Anco Electric, Inc.,* 330 N.C. 124, 126-27, 409 S.E.2d 914, 915 (1991) ("We do not hesitate in holding that as to the tort law controlling the rights of the litigants in the lawsuit allowed by this decision, the long-established doctrine of *lex loci delicti commissi* applies, and Virginia law controls."); *Lormic Development Corp. v. N. American Roofing,* 95 N.C. App. 705, 710, 383 S.E.2d 694, 697 (1989) ("Because we adhere to the *lex loci delicti* rule in determining conflicts of law issues in tort, South Carolina tort law governs the determination of this issue."); *Shaw v. Lee,* 258 N.C. 609, 129 S.E.2d 278 (1963) (holding that plaintiff widow could not recover against husband's estate for alleged injuries sustained in automobile accident because under the *lexi loci delicti* rule, Virgina law, which adhered to the doctrine of interspousal immunity, barred her personal injury claim); *Petrea v. Ryder Tank Lines, Inc.,* 264 N.C. 230, 141 S.E.2d 278 (1965) (holding that plaintiff wife could not recover for injuries sustained while riding as a passenger in husband's automobile because the same reasons which dictated the court's decision in *Shaw v. Lee, supra* applied); *and Henry v. Henry,* 291 N.C. 156, 229 S.E.2d 158 (1976) (holding that although both plaintiff wife and her husband were domiciled in Pennsylvania, plaintiff wife's personal injury suit against her husband was not barred by Pennsylvania's interspousal immunity doctrine because under the rule of *lex loci delicti,* North Carolina law controlled). Given our courts' strong adherence to the traditional application of the *lex loci delicti* doctrine when choice of law issues arise,

we must decline any request to carve out a more "modern approach" to the rule's application. As our Supreme Court stated in *Boudreau*, *lex loci delicti* is a rule not to be abandoned in this State as it is an "objective and convenient approach which continues to afford certainty, uniformity, and predictability of outcome in choice of law decisions." 322 N.C. at 336, 368 S.E.2d at 854.

The child's estate secondly argues that the rule of *lex loci delicti* should not be applied in this case because Alabama's law of parental immunity runs contrary to an extraordinarily strong public policy in this State. We find this argument also unpersuasive.

From the outset, it should be noted that our legislature's abolition of parental immunity under N.C.G.S. § 1-539.21 does not necessarily mean that a contrary law of a foreign jurisdiction is repugnant to North Carolina public policy. Indeed, our courts have consistently held that to refuse enforcement of a foreign law on the basis that the law is contrary to the public policy of this State, "it must appear that it is against good morals or natural justice, or that for some other reason the enforcement of it would be prejudicial to the general interest of our own citizens." *Pieper v. Pieper*, 108 N.C. App. 722, 726, 425 S.E.2d 435, 437 (1993) (quoting *Ellison v. Hunsinger*, 237 N.C. 619, 627, 75 S.E.2d 884, 891 (1953)). In *Pieper*, we held that the enforcement of an Iowa divorce judgment requiring the father to pay continued child support payments beyond the age of 18 did not violate the public policy of this State as the imposition of additional child support beyond the age of majority was "not against good moral, natural justice or prejudicial to the interest of North Carolina citizens." *Id.* Similarly, in *Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 376 S.E.2d 47 (1989), a case in which plaintiff brought suit in this State for injuries sustained while using a defective product manufactured in New York, we held that it was indeed proper to apply New York's law regarding negligence and strict liability claims, even though the North Carolina General Assembly had expressly rejected the doctrine of strict liability in product liability actions by way of N.C. Gen. Stat. § 99B-1.1.

Moreover, because application of the parental immunity doctrine to the particular facts of this case does not, in our opinion, go against the good morals or natural justice of this State, or work an injustice against the citizens of North Carolina, we find no merit in the contention that Alabama law should not be applied in this case on the ground that it is contrary to North Carolina public policy.

GBYE v. GBYE

[130 N.C. App. 585 (1998)]

Finally, in anticipation of our application of Alabama law to this case, the child's estate urges this Court to create a judicial exception to Alabama's parental immunity doctrine. The child's estate contends that a judicial exception should be created for either of two reasons: (1) because the purpose behind the parental immunity doctrine in Alabama—to protect family harmony and preserve family resources—is not served in this case since the minor child is deceased and the recovery sought would most likely be satisfied by the automobile insurance carrier; and (2) because an issue arises as to whether the mother's conduct rose to a level of willful and wanton misconduct, thereby necessitating a factual determination by a jury.

Regarding the estate's argument that we should create a judicial exception because the child is deceased and the automobile insurance carrier would pay any damages recovered, we find *Owens v. Auto Mut. Indemnity Co.*, 177 So. 133 (Ala. 1937) significant. In that case, the Alabama Supreme Court held that the parental immunity doctrine barred the administrator of a minor child's estate from bringing a wrongful death suit against the father's insurer after the child was killed by an automobile driven by the father. Given this holding, the only conclusion to be drawn is that the courts of Alabama adhere to the parental immunity doctrine even in those cases in which the plaintiff sues on behalf of a deceased minor child, or when the plaintiff's ultimate recovery is to be satisfied by the defendant's insurer.

As to the argument that we create a "willful and wanton" misconduct exception, we must decline that invitation as well. Although our courts have recognized such an exception to the parental immunity doctrine in cases not involving motor vehicles, *see Doe v. Holt*, 332 N.C. 90, 418 S.E.2d 511 (1992) (holding that the parental immunity doctrine, as it exists in North Carolina, does not bar tort claims brought by unemancipated minors who have suffered injuries as a result of a parent's willful and malicious conduct), the courts of Alabama are the final authority on the scope and meaning of Alabama law, not the courts of this State. Therefore, this Court will not carve out an additional exception to Alabama law where the Alabama courts have not done so themselves. According to the Alabama Supreme Court, the only exception to parental immunity in Alabama is when a minor child sues his or her parent for sexual abuse or misconduct. *Hurst v. Capitell*, 539 So.2d 264 (Ala. 1989). There being no such allegation made in this case, we reject the invitation to create an "willful and wanton" misconduct exception to

Alabama's parental immunity doctrine in cases involving motor vehicle accidents. Additionally, in reaching this conclusion, we note that the child's estate could have brought this action in the State of Alabama and more appropriately petitioned the Alabama courts to carve out additional exceptions to that state's parental immunity doctrine.

In sum, we hold that Alabama's parental immunity doctrine controls the outcome of this case; as such, the trial court properly dismissed, pursuant to Rule 12(b)(6), the wrongful death claim of the child's estate against the mother.

Affirmed.

Judges MARTIN, John C. and WALKER concur.