MANUEL MOSQUEDA, TERESITA VAQUEZ, JOVANNY DE JESUS DE MATA AND MANUEL MOSQUEDA AS GUARDIAN AD LITEM OF MINOR CHILD EMILY MOSQUEDA, PLAINTIFFS v. MARIA MOSQUEDA, DEFENDANT

No. COA11-629

(Filed 17 January 2012)

**1. Appeal and Error—interlocutory orders and appeals—denial of motion to dismiss—failure to show substantial right**

Defendant's appeal from an order denying her motion to dismiss negligence claims arising from an automobile accident was from an interlocutory order and not entitled to immediate review. Defendant failed to meet the burden of showing a substantial right would be affected.

**2. Appeal and Error—interlocutory orders and appeals—substantial right—possibility of inconsistent orders**

Although plaintiffs' appeal from the portion of the trial court's order granting defendant's motion to dismiss negligence claims arising from an automobile accident was from an interlocutory order, the trial court's decision affected a substantial right that would be lost absent immediate review based on the possibility of inconsistent verdicts.

**3. Motor Vehicles—Alabama automobile guest statute—no violation of North Carolina public policy—choice of law—lex loci deliciti doctrine**

The trial court did not err in a negligence case arising from an automobile accident by concluding Alabama's automobile guest statute did not violate North Carolina's public policy. North Carolina strongly adheres to the traditional application of the *lex loci deliciti* doctrine when choice of law issues arise.

**4. Constitutional Law—Alabama automobile guest statute—equal protection**

Alabama Code § 32-1-2 does not violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Any change regarding whether automobile guest statutes violate the Equal Protection Clause should be addressed by the United States Supreme Court.

Appeal by Plaintiffs and Defendant from order entered 10 February 2011 by Judge Michael R. Morgan in Guilford County Superior Court. Heard in the Court of Appeals 10 November 2011.

*A.G. Linett & Associates, PA, by Adam G. Linett and J. Rodrigo Pocasangre, for Plaintiffs.*

*Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C., by Steven B. Fox and Kara C. Vey, for Defendant.*

THIGPEN, Judge.

Manuel Mosqueda ("Plaintiff Manuel"), Teresita Vasquez ("Plaintiff Teresita"), Jovanny De Jesus De Mata ("Plaintiff Jovanny"), and Emily Mosqueda ("Plaintiff Emily") were passengers in a car driven by Maria Mosqueda ("Defendant") in the State of Alabama when an accident occurred and Plaintiffs were injured. Three of Plaintiffs'

claims were dismissed pursuant to Ala. Code § 32-1-2, the Alabama automobile guest statute. We must determine whether the Alabama automobile guest statute violates North Carolina public policy or the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. We conclude the Alabama automobile guest statute does not violate North Carolina public policy or the Equal Protection Clause, and we therefore affirm the order of the trial court.

## I: Factual and Procedural Background

The record tends to show that Plaintiff Manuel and Defendant are husband and wife, and Plaintiff Emily is their daughter. Plaintiff Manuel, Plaintiff Emily and Defendant reside in Greensboro, North Carolina. Plaintiff Jovanny also resides in Greensboro, North Carolina. Plaintiff Teresita is a resident of Mexico, who was visiting the United States to spend the holidays with her family.

On 7 January 2010, Plaintiffs were passengers in a car driven by Defendant in Calhoun County, Alabama, en route to North Carolina from Texas. The road was icy, and Defendant was allegedly driving at a higher speed than the conditions allowed. Defendant lost control of the vehicle, skidded off the road, hit an embankment, and the vehicle rolled over several times.

Plaintiffs alleged that all of the passengers suffered injuries as a result of the accident. Plaintiff Manuel sustained a compound fracture to his spinal column and severe back pain. Plaintiff Teresita sustained a right orbital fracture that required fourteen stitches above her right eye. Plaintiff Jovanny sustained a severe ankle sprain and cervical and lumbar sprains. Plaintiff Emily suffered cervical pain and pain behind her knees.

Plaintiffs filed a complaint on 14 October 2010 in the Superior Court of Guilford County, alleging Defendant's negligence. Defendant moved to dismiss the action pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) in her answer filed 16 December 2010, citing the doctrine of *lex loci delicti commissi* and the Alabama automobile guest statute, Ala. Code § 32-1-2. On 10 February 2011, the trial court entered an order dismissing the claims of three of the four Plaintiffs pursuant to Ala. Code § 32-1-2. The trial court dismissed the claims of Plaintiff Teresita, Plaintiff Jovanny and Plaintiff Emily (hereinafter, "Plaintiffs"). However, the trial court denied Defendant's motion to dismiss the claim of Plaintiff Manuel. Plaintiffs appeal this order, and Defendant cross-appeals.

## II: Defendant's Appeal

[1] Defendant appeals the portion of the trial court's order denying her N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss the claim of Plaintiff Manuel. We must first determine whether Defendant's appeal is properly before this Court.

### i: Interlocutory Order

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

> Ordinarily, a denial of a motion to dismiss under Rule 12(b)(6) merely serves to continue the action then pending. No final judgment is involved, and the disappointed movant is generally not deprived of any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits. Thus, an adverse ruling on a Rule 12(b)(6) motion is in most cases an interlocutory order from which no direct appeal may be taken.

*State ex rel. Edmisten v. Fayetteville Street Christian School*, 299 N.C. 351, 355, 261 S.E.2d 908, 911 (1980).

"There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 153 (1999) (quotation and citations omitted).

When an appeal is based upon an interlocutory order, "the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005) (quoting N.C. R. App. P. 28(b)(4)). "[T]he burden is on the appellant to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." *Romig v. Jefferson–Pilot Life·Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598,

600 (1999), *appeal dismissed in part, disc. review denied, and cert. denied,* 350 N.C. 836, 539 S.E.2d 293-94 (1999), *aff'd per curiam,* 351 N.C. 349, 524 S.E.2d 804 (2000) (quotation omitted). When the appellant fails to meet this burden, her appeal will be dismissed. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).

In this case, Defendant's appeal from the order denying her N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss the claims of Plaintiff Manuel is interlocutory. The trial court did not certify there was no just reason to delay Defendant's appeal pursuant to N.C.R. Civ. P. 54(b). Defendant acknowledges in her brief that an interlocutory order is not ordinarily appealable unless a substantial right is affected. However, Defendant gives no explanation to the Court in her brief as to what substantial right is affected in this case. Because "the burden is on the appellant to present appropriate grounds for this Court's acceptance of an interlocutory appeal[,]" *Romig,* 132 N.C. App. at 685, 513 S.E.2d at 600, and because Defendant failed to meet this burden, we dismiss Defendant's appeal.

### III: Plaintiffs' Appeal

**[2]** Plaintiffs appeal the portion of the trial court's order granting Defendant's N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss Plaintiffs' claims.[1] We must first determine whether Plaintiffs' appeal is properly before this Court.

### i: Interlocutory Order

An appeal from an order granting a defendant's N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion as to some but not all of the plaintiffs' claims, thus adjudicating the rights and liabilities of fewer than all the parties, is interlocutory. *Pentecostal Pilgrims & Strangers Corp. v. Connor,* 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010).

"There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which

---

1. The trial court denied Defendant's motion to dismiss the claim of Plaintiff Manuel, because Plaintiff Manuel was the owner of the vehicle driven by Defendant when the accident occurred. *See Coffey v. Moore,* 948 So. 2d 544, 545 (2006) (holding the owner of the vehicle is not the guest of the driver while riding in his own vehicle). Therefore, only Plaintiff Teresita, Plaintiff Jovanny and Plaintiff Emily appeal the trial court's order.

MOSQUEDA v. MOSQUEDA

[218 N.C. App. 142 (2012)]

would be lost absent immediate review." *CBP Resources, Inc.*, 134 N.C. App. at 171, 517 S.E.2d at 153 (quotation and citations omitted). "[T]he burden is on the appellant to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." *Romig*, 132 N.C. App. at 685, 513 S.E.2d at 600.

A final judgment as to fewer than all parties affects a substantial right when there is a possibility of inconsistent verdicts. *Camp v. Leonard*, 133 N.C. App. 554, 557, 515 S.E.2d 909, 912 (1999) (citation omitted). A two-part test determines whether a substantial right is affected under these circumstances, requiring a party to show "(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exist." *Id.* at 558, 515 S.E.2d at 912.

In this case, we agree with Plaintiffs' assertion that there exists a possibility for inconsistent verdicts. Assuming this Court dismissed Plaintiffs' appeal as interlocutory, Plaintiff Manuel's individual claim would proceed to trial alone. On appeal after Plaintiff Manuel's trial, the dismissed claims of the remaining Plaintiffs could hypothetically be reinstated, resulting in a second trial. As all Plaintiffs' were in the vehicle driven by Defendant when the accident occurred, the same factual issues would be present in both trials. Moreover, it is conceivable that two juries could deliver inconsistent verdicts. We believe that although Plaintiffs' appeal is interlocutory, the trial court's decision deprived Plaintiffs of a substantial right which would be lost absent immediate review. Therefore, we will address Plaintiffs' appeal.

### ii: Standard of Review

"The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Bobbitt v. Eizenga*, ___ N.C. App. ___, ___, 715 S.E.2d 613, 615 (2011) (quotation omitted). "On a motion to dismiss, the complaint's material factual allegations are taken as true." *Id.* (quotation omitted). Dismissal is proper when one of the following three conditions is satisfied: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Id.* (quotation omitted).

### iii: Automobile Guest Statute: Public Policy Exception

[3] In Plaintiffs' first argument on appeal, they contend the trial court erred by applying Alabama's automobile guest statute to dismiss Plaintiffs' claims because the Alabama automobile guest statute violates North Carolina public policy.

"Our traditional conflict of laws rule is that matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs of the claim, and remedial or procedural rights are determined by lex fori, the law of the forum." *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 854 (1988). "For actions sounding in tort, the state where the injury occurred is considered the situs of the claim[;] [t]hus, under North Carolina law, when the injury giving rise to a negligence or strict liability claim occurs in another state, the law of that state governs resolution of the substantive issues in the controversy." *Id.* at 335, 368 S.E.2d at 854. This approach provides "certainty, uniformity, and predictability of outcome in choice of law decisions." *Id.* at 336, 368 S.E.2d at 854.

The automobile accident in this case occurred in Alabama. Therefore, Ala. Code § 32-1-2 applies to this case and provides the following:

> The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.

*Id.* In this case, Plaintiffs did not allege the willful or wanton misconduct of Defendant in their complaint. Moreover, Plaintiffs do not dispute that the doctrine of *lex loci delicti commissi* requires that the Alabama automobile guest statute apply to this case. Rather, Plaintiffs argue the Alabama automobile guest statute violates North Carolina public policy.

"It is thoroughly established as a broad general rule that foreign law or rights based thereon will not be given effect or enforced if opposed to the settled public policy of the forum." *Davis v. Davis*, 269 N.C. 120, 125, 152 S.E.2d 306, 310 (1967) (quotation omitted).

> However, the mere fact that the law of the forum differs from that of the other jurisdiction does not mean that the foreign

statute is contrary to the public policy of the forum. To render foreign law unenforceable as contrary to public policy, it must violate some prevalent conception of good morals or fundamental principle of natural justice or involve injustice to the people of the forum state. This public policy exception has generally been applied in cases such as those involving prohibited marriages, wagers, lotteries, racing, gaming, and the sale of liquor.

*Baughman,* 322 N.C. at 342, 368 S.E.2d at 857-58 (citations omitted).

Plaintiffs specifically argue the application of Alabama's automobile guest statute is contrary to North Carolina public policy for the following reasons: (1) automobile guest statutes have "fallen out of favor around the country and have been either repealed, held unconstitutional, or substantially limited in scope"; and (2) automobile guest statutes are contrary to the " 'natural justice' of this State, which allows for persons injured by others to recover in tort[,]" especially considering that "North Carolina has abolished . . . interspousal immunity[,] . . . charitable immunity[,] . . . [and] parental immunity in automobile accidents[.]"

North Carolina has applied the automobile guest statutes of other states to claims initiated in this forum. *See, e.g., Chewning v. Chewning,* 20 N.C. App. 283, 201 S.E.2d 353 (1973) (applying South Carolina's automobile guest statute); *Smith v. Stepp,* 257 N.C. 422, 125 S.E.2d 903 (1962) (applying Virginia's automobile guest statute); *Frisbee v. West,* 260 N.C. 269, 132 S.E.2d 609 (1963) (applying Washington's automobile guest statute); *Kizer v. Bowman,* 256 N.C. 565, 124 S.E.2d 543 (1962) (applying Florida's automobile guest statute).

Furthermore, this Court in *Gbye v. Gbye,* 130 N.C. App. 585, 587, 503 S.E.2d 434, 435 (1998), addressed the question of whether "Alabama's parental immunity doctrine is contrary to the 'extraordinarily strong public policy' in this state against such immunity in cases involving motor vehicle accidents[.]" The *Gbye* Court noted, "North Carolina case law reveals a steadfast adherence by our courts to the traditional application of the *lex loci deliciti* doctrine." *Id.* The *Gbye* Court ultimately concluded:

[B]ecause application of the parental immunity doctrine to the particular facts of this case does not, in our opinion, go against the good morals or natural justice of this State, or work an injustice against the citizens of North Carolina, we find no merit in the contention that Alabama law should not be applied

in this case on the ground that it is contrary to North Carolina public policy.

*Id.* at 588, 503 S.E.2d at 436.

We find the application of the automobile guest statute of other states in numerous decisions by this Court and our Supreme Court, and the holding of this Court in *Gbye*, persuasive authority that the Alabama automobile guest statute in this case is not contrary to North Carolina public policy. Furthermore, we find Plaintiffs' argument that Alabama's automobile guest statute is contrary to public policy because North Carolina has abolished interspousal immunity, charitable immunity, and parental immunity unconvincing. The *Gbye* Court unequivocally stated, "[f]rom the outset, it should be noted that our legislature's abolition of parental immunity under N.C.G.S. § 1-539.21 does not necessarily mean that a contrary law of a foreign jurisdiction is repugnant to North Carolina public policy." *Id.* at 588, 503 S.E.2d at 436. Given our Courts' "strong adherence to the traditional application of the *lex loci deliciti* doctrine when choice of law issues arise[,]" *Id.* at 587, 503 S.E.2d at 436, and in accordance with this Court's holding in *Gbye*, we conclude that because application of Ala. Code § 32-1-2 to this case does not, in our opinion, go against the good morals or natural justice of this State, or work an injustice against the citizens of North Carolina, there is no merit to Plaintiffs' contention that Ala. Code § 32-1-2 should not be applied on the ground that it is contrary to North Carolina public policy.

iv: Automobile Guest Statute: Constitutionality

[4] In Plaintiffs' final argument on appeal, they contend Ala. Code § 32-1-2 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. We disagree.

The United States Supreme Court has held that an automobile guest statute did not violate the Equal Protection Clause, because it could not be said that "no grounds [existed] for the distinction" between gratuitous passengers in automobiles and those in other classes of vehicles. *Silver v. Silver*, 280 U.S. 117, 123, 74 L. Ed. 221, 225, 50 S. Ct. 57, 59 (1929). We take the view that if the rule of *Silver*, the highest authority on whether automobile guest statutes violate the Equal Protection Clause, is to be changed and the strictures of the Fourteenth Amendment extended in this area of the law, the appropriate body to make such a change would be the United States Supreme Court.

For the foregoing reasons, we dismiss Defendant's interlocutory appeal and affirm the order of the trial court dismissing three of the four Plaintiffs' claims pursuant to Defendant's N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss.

AFFIRMED, in part, DISMISSED, in part.

Judges STEELMAN and BEASLEY concur.